William and Constance Fuerst v. Commissioner.
Fuerst v. Commissioner
Docket No. 23970.
United States Tax Court
1951 Tax Ct. Memo LEXIS 302; 10 T.C.M. (CCH) 208; T.C.M. (RIA) 51061; March 9, 1951
*302 George Schwartz, Esq., for the petitioners. William E. Murray, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion The respondent has determined a deficiency of $2,953.22 in petitioners' income taxes for 1945. The deficiency results from the disallowance of a deduction of $8,500 which petitioners claimed in their joint return as a loss from the theft of a diamond bracelet. Findings of Fact The petitioners are husband and wife residing in Coral Gables, Florida. They filed a joint income tax return for 1945 with the collector of internal revenue for the second district of New York. The return showed a net income of $5,134.34 after the deduction, among others, of $8,500 claimed as a "Loss of Diamond Bracelet - Not ins." The respondent disallowed the deduction, determining a net income on the joint return of $13,634.34 and the deficiency of $2,953.22. William Fuerst, hereinafter referred to as the petitioner, purchased the bracelet in question from E. M. Gattle & Company, New York, at some time between 1928 and 1930, at a cost of not less than $8,500, and presented it to his wife as a gift. Petitioner's wife wore the bracelet from time to *303 time. When not in use it was generally kept in a safe deposit vault. The petitioner maintains business connections in New York and divides his time between New York and Coral Gables. On returning to Coral Gables from New York in August or September, 1945, he placed the bracelet in a safe deposit box at the Coral Gables First National Bank. Thereafter, the bracelet was worn by his wife and returned by him to the safe deposit box. On December 12, 1945, the petitioner found that the bracelet was missing from the safe deposlt box and notified an official of the bank. The bank denied any responsibility in the matter. On December 12, 1945, the petitioner notified the Coral Gables police of the disappearance of the braclet and had the following advertisement placed in the Miami Herald: "LOST - Diamond and ruby bracelet at vaults of Coral Gables First National Bank. $2,000 reward for return of same. No questions asked. Tel. 4-1970. William Fuerst. 3504 Durango St., C. Gables." The advertisement was carried for several days but petitioner never received any response from it. The police made an investigation but never located the bracelet or ascertained the cause of its disappearance. *304 In prior years petitioner had carried insurance on the bracelet for as much as $7,500 but did not have it insured in 1945. He did carry a personal property "floater" policy which covered jewelry up to a limit of $250 and recovered that amount from the insurer on the claim which he filed January 9, 1946. The "Proof of Loss", which was prepared by the insurance company and signed by petitioner, gave the cause of the loss as "Mysterious disappearance" of the bracelet and stated that: "Assured believes he left bracelet in booth after placing some items in safe deposit vault at First Nat'l Bank of Coral Gables." The petitioner consulted his attorney in New York about bringing suit against the bank to recover for the loss of the bracelet but was advised against it. The attorney was of the opinion that negligence on the part of the bank could not be proved. Opinion LEMIRE, Judge: The deduction claimed on account of the loss of the bracelet is allowable under the statute, section 23 (e) (3), only if the loss was due to theft. Petitioner recognizes that this is so and has undertaken the burden of proving that the bracelet was actually stolen from his safe deposit box, rather than *305 misplaced or otherwise lost. In our opinion the evidence fails to establish this fact. First, we must take cognizance of the improbability of a theft from the safe deposit box in the vault of the bank. Such repositories have long been recognized as affording the greatest possible protection against the theft of valuables, which indeed might be said to be their chief purpose. It appears that this particular bank observed the usual precaution against theft of the valuables stored in its safe deposit boxes. There was always present an attendant who admitted the customer to the vault and required each visitor to register. The petitioner has offered no evidence in any way tending to show the actual occurrence of a theft. There is no evidence, for instance, that any other articles were taken from the petitioner's box or from the vault of the bank at or about that time, or at any other time. The theft theory is not substantiated by any subsequent events, such as a recovery of the bracelet or the identification of a suspected thief. There are other probabilities which we think outweigh the probability of a theft of the bracelet. The petitioner might reasonably be mistaken about having *306 replaced the bracelet in the box after his wife's last use of it. He might have dropped it on the street from a packet of other articles which he intended to place in the box or he might unknowingly have picked the bracelet up with other articles which he was carrying when he left the vault, and in that manner lost or mislaid it. We have in the evidence nothing more than petitioner's word that he left the bracelet in the box about November 1945 and that about December 12, 1945, it was not in the box. Accepting this testimony as representing petitioner's honest belief as to what actually transpired, it does not establish the fact of a theft or overcome the improbability of such an occurrence. The facts that petitioner reported the disappearance of the bracelet to the police, advertised its loss in the papers, and collected a small amount of insurance on it do not afford any substantial corroboration of petitioner's testimony, or the inference intended to be adduced therefrom, that the bracelet was stolen. These are things that the petitioner might well have done no matter what was the cause of the disappearance of the bracelet. We are reluctant to say that the petitioner has failed *307 in his burden of proof when he may have disclosed all of the facts within his knowledge or susceptible of proof. However, as the Supreme Court pointed out in , the improbability of proving a material fact upon which the right to relief depends does not relieve a taxpayer of the burden of proof. On the evidence of record, we must sustain the Commissioner in his disallowance of the deduction claimed. Decision will be entered for the respondent.